UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

  RITA ZIADE,

                     Plaintiff,              **MEMORANDUM & ORDER**
                                               20-CV-5343(EK)

               -against-

  COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Rita Ziade challenges the Social Security

Administration's denial of her claim for disability insurance

benefits.  Ziade has a history of treatment for complaints of

radiating back pain, complex regional pain syndrome,

hypermobility syndrome, and knee pain.  Before the Court are the

parties' cross-motions for judgment on the pleadings.  For the

following reasons, I grant the Commissioner's motion and deny

Plaintiff's.

                      **I.  Background**

**A.   Procedural Background**

          In February 2014, Ziade applied for disability

benefits, alleging a disability onset date of June 15, 2013.

Administrative Tr. ("Tr.") 21, ECF No. 10.  The administrative

law judge ("ALJ") concluded that Ziade was not disabled and

therefore not entitled to disability benefits.  Tr. 35.  The

Appeals Council denied Ziade's request for review.  Tr. 1–7.
Ziade sought review of the agency's decision in this Court, and
in September 2018, the Honorable LaShann DeArcy Hall remanded
the case to the agency for further proceedings on the basis that
the ALJ had not adhered to the treating physician rule.  Order,
*Ziade v. Comm'r of Soc. Sec.*, No. 17-CV-1313 (E.D.N.Y. Sept. 10,
2018), ECF No. 22.

        Pursuant to Judge DeArcy Hall's remand order, on
January 6, 2020, a different ALJ held a second hearing on
Ziade's claim.  Tr. 669.  That ALJ — Sommattie Ramrup —
concluded that Ziade was not disabled and therefore not entitled
to disability benefits.  Tr. 682.  Ziade again requested review
of the ALJ's decision, which the Appeals Council denied on
October 23, 2020, rendering that decision final.  Tr. 660–65.
Ziade timely sought review of that decision in this Court.

**B.   The ALJ's Disability Evaluation**

        Under the Social Security Act, "disability" is defined
as the "inability to engage in any substantial gainful activity
by reason of any medically determinable physical or mental
impairment . . . which has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The Social Security Administration's
regulations require ALJs to follow a five-step sequence in
evaluating disability claims.  20 C.F.R. § 404.1520(a)(4).

First, the ALJ determines whether the claimant is engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i) and (b).  If not, then at step two, the ALJ evaluates whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that "significantly limits" the claimant's "physical or mental ability to do basic work activities." *Id.* § 404.1520(c).  If the ALJ identifies a severe impairment, then at step three, she must determine whether it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1.  If it does, the ALJ will deem the applicant disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

Here, ALJ Ramrup determined that Ziade had not engaged in substantial gainful activity since her alleged onset date.  Tr. 671.  The ALJ also determined that Ziade suffered from the "severe impairments" of fibromyalgia / complex regional pain syndrome, hypermobility syndrome, scoliosis, spondylitis, osteoarthritis of the bilateral knees, and lumbar radiculopathy. Tr. 671–72.  However, the ALJ also determined that none of these severe impairments rose to the level of a Listed Impairment. Tr. 673.

When an ALJ finds that the claimant has severe impairments that do not meet the requirements of the Listings,

he or she must determine a claimant's residual functional capacity ("RFC"), which is the most a claimant can do in a work setting notwithstanding his limitations.  20 C.F.R. § 404.1545(a)(1).  The ALJ concluded here that Plaintiff had the RFC to perform "sedentary work" with limitations.  Tr. 674. Those limitations included that the work must involve only occasional climbing of ramps and stairs, must never involve climbing ladders, ropes, or scaffolds, and must involve only occasional stopping, kneeling, crouching, and crawling.  *Id.*

At step four, the ALJ considers whether, in light of the RFC determination, the claimant could perform "past relevant work."  20 C.F.R. § 404.1520(f).  Here, the ALJ found that Ziade could not perform her past work as a personal trainer.  Tr. 680. At step five, the ALJ evaluates whether the claimant could perform jobs existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(g).  The ALJ determined that Ziade could perform such jobs, including as a surveillance system monitor, a customer service representative, and an assembler.  Tr. 681.  Given that conclusion, the ALJ concluded that Ziade was not disabled.  Tr. 682.

## II.  Standard of Review

A district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits.  42 U.S.C. § 405(g).  The review

is limited to two questions: whether substantial evidence supports the Commissioner's decision, and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).[1]

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g).

### III.  Discussion

On appeal, Ziade argues that ALJ Ramrup violated the treating physician rule by failing to justify the limited weight she accorded the opinions of a treating professional — Ziade's primary-care physician, Dr. El Sayed Hussein — regarding the claimant's functional capacity. Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings ("Pl. Mot.") 12–16, ECF No. 12-1. Dr. Hussein had treated Ziade monthly for pain since February 2009, as of his May 2016 report. Tr. 641. In that report, he opined that in an eight-hour workday, Ziade could sit for only 3–4 hours and stand or walk for 1–2 hours. Tr. 643.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

The first ALJ accorded only "some weight" to Hussein's opinion, despite the long treating relationship.  Tr. 32.  He reasoned that "apart from elevated blood pressure," Hussein's "examinations have been otherwise essentially normal."  Tr. 33. The ALJ also determined that the record contained "no significant positive upper extremity examination findings," though he acknowledged positive findings for Ziade's legs and back and some positive electro-diagnostic testing in her upper and lower extremities.  *Id.*

Judge DeArcy Hall concluded that there was "no basis for the ALJ's determination to discount [Dr. Hussein's] assessment that [Ziade] could work — at most — for six hour[s] per day."  Order 5.  She also found that the ALJ had failed to develop the factual record.  *Id.* at 5-6.

On remand from this court, ALJ Ramrup called for two consultative examinations, one from internal medicine physician Dr. Olga Yevsikova and another from neurologist Dr. Ram Ravi. Tr. 968-81, 1053-60.  The ALJ also procured the testimony of a rheumatologist, Dr. H.C. Alexander, at the hearing.  Tr. 705. Additionally, ALJ Ramrup obtained records from Dr. Stella Bard, Ziade's treating rheumatologist, dated 2015 to 2019.  Tr. 1290-1399.

As noted above, the "treating physician rule" applies here.  *See Crowell v. Comm'r of Soc. Sec. Admin.*, 705 F. App'x

34, 35 (2d Cir. 2017).  Under this rule, an ALJ must give a treating physician's opinion "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Burgess*, 537 F.3d at 128 (quoting 20 C.F.R. § 404.1527(d)(2)).  As the Social Security regulations explain, when an ALJ has given controlling weight to an opinion, the ALJ "must . . . adopt in [the overall RFC] assessment . . . the nature and severity of the individual's impairment(s)" expressed in that opinion.  SSR 96-5p, 61 Fed. Reg. 34,471, 34,474 (July 2, 1996).

Nevertheless, an ALJ may discount a treating physician's opinion — such as Dr. Hussein's opinion that Ziade could not work a full workday — when it is conclusory or "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  In doing so, an ALJ must consider, among other things,

> the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues.

*Burgess*, 537 F.3d at 129 (citing 20 C.F.R. § 404.1527).  The ALJ
need not undertake a "slavish recitation of each and every
factor," however, where her "reasoning and adherence to the
regulation are clear."  *Atwater v. Astrue*, 512 F. App'x 67, 70
(2d Cir. 2013); *see also Jones v. Berryhill*, 415 F. Supp. 3d
401, 416 n.5 (S.D.N.Y. 2019) ("An ALJ need not advert to every
one of the *Burgess* factors . . . .").

      Here, ALJ Ramrup properly evaluated the *Burgess*
factors in according only limited weight to Dr. Hussein's
conclusion that Plaintiff could not sit for more than 4 hours in
a day or stand for more than 2 hours.  She recognized that
Hussein, as a primary-care physician, "is not a specialist in
any of the conditions for which [Ziade] is treated."  Tr. 679.
In contrast, ALJ Ramrup cited the report of treating specialist
Bard, who reported following a September 2016 exam that Ziade
did not "appear to be in pain or discomfort."  Tr. 1371.  Bard
reached this conclusion even after noting Ziade's verbal
assertion that she experiences "throbbing pain that brings her
to tears several times a day having a severe mental impact."
*Id.*  Bard's observation is also consistent with records from
multiple other specialists who likewise did not observe Ziade to
be in pain or in acute distress.  Tr. 242-43, 442, 568-69, 970,
1055, 1214.  In the end, the ALJ did not err in crediting the
opinions of specialists — including another treating physician —

8

over that of a non-specialist.  *See Shenk v. Astrue*, No. 08-CV-152, 2011 WL 7053623, at *10 (N.D.N.Y. Dec. 1, 2011) (ALJ did not err in "assigning more weight to [the claimant's] treating specialists as opposed to her primary care doctor"), *R&R adopted*, 2012 WL 140430 (N.D.N.Y. Jan. 18, 2012).

The ALJ also found that Hussein's asserted limitations were "inconsistent with his own treatment notes."  Tr. 679. Substantial evidence supports this determination as well. Hussein's treatment notes generally do not record him as observing Ziade in pain.  Tr. 352-55, 366-81, 409, 648, 654, 1408.  And even when Hussein did observe pain, he recorded only normal examination findings.  *Id.*  Finally, the ALJ also reasoned that Hussein "did not describe any objective evidence that would support his assessed limitations and did not provide any analysis regarding the same."  Tr. 679.  This, too, supports the ALJ's determination.  *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("[T]he treating physician's opinion is deemed controlling only if it is well-supported by clinical evidence . . . .").[2]

---

[2] In addressing Ziade's subjective complaints of pain, the ALJ found that Ziade's "statements about the intensity, persistence, and limiting effects of her symptoms . . . are inconsistent with the objective and other evidence."  Tr. 675.  On appeal, Ziade does not challenge this determination.

## IV.  Conclusion

For these reasons, the Commissioner's motion for judgment on the pleadings is granted, and Ziade's motion is denied.  The Clerk of Court is respectfully directed to enter judgment in favor of the Commissioner and to close this case.

SO ORDERED.


    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    September 19, 2023
          Brooklyn, New York